■ In the Matter of TAX FORECLOSURE OF 2000 AND PRIOR LIENS BY PROCEEDING IN REM PURSUANT TO ARTICLE 11 OF THE REAL PROPERTY TAX LAW. TOWN OF GREENBURGH, Respondent; ROUTE 9A REALTY CORP., Appellant. [782 NYS2d 661]—

In a proceeding pursuant to Real Property Tax Law article 11 to foreclose real estate tax liens, Route 9A Realty Corp. appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated November 5, 2003, which denied its motion, inter alia, to extend the time to exercise its right of redemption.

Ordered that the order is affirmed, with costs.

Pursuant to Real Property Tax Law § 1110 (1), real property subject to a delinquent tax lien may be redeemed by payment of the full amount of all delinquent liens and authorized charges to the enforcing officer "on or before the expiration of the redemption period" (see 99 NY Jur 2d, Taxation and Assessment § 691 ["Every person . . . having an interest in (the liened parcel) may redeem such parcel by paying the (appropriate sum) before the expiration of the redemption period stated in the foreclosure notice"]). The statutory language is unambiguous; redemption must take place "on or before the expiration of the redemption period" (Real Property Tax Law § 1110 [1]). Here, the appellant, which does not challenge the duration of the redemption period, did not tender the appropriate sum "on or before the expiration of the redemption period." Its right of redemption expired without ever having been exercised. Therefore, the Supreme Court correctly denied its motion to extend the time to exercise its right of redemption and to compel acceptance of its belated redemption tender.

The appellant's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.